FILED
2008 Mar-24  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. GRAYS, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case. No.: 2:06-CV-4728-RDP |
| | } | |
| MICHAEL J. ASTRUE, | } | |
| Commissioner of Social Security, | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Plaintiff, Patricia A. Grays, brings this action pursuant to Section 205(g) of the Social Security Act (the "Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") benefits under Title XVI. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be affirmed because it is supported by substantial evidence and proper legal standards were applied.

### I.    Proceedings Below

Plaintiff filed her application for SSI benefits on October 1, 2004. (R. 55-56.) Plaintiff's application was denied initially and also upon reconsideration. (R. 35-41.) Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"), which was held on November 7, 2005. (R. 45, 34, 238-63.) After the hearing, the record was left open for additional medical records (R. 262), and Plaintiff submitted additional opinion evidence from a treating physician, (R. 64, 217, 224, 228). In the June 5, 2006 decision, the ALJ determined that Plaintiff was not eligible for SSI benefits because she failed to meet the disability requirements of the Act and retained the

residual functional capacity to perform sedentary work with certain limitations. (R. 25, 28-33.)

Plaintiff requested review of the ALJ decision by the Appeals Council. (R. 23.) After the Appeals Council denied Plaintiff's request for review on September 22, 2006 (R. 3-5), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.

At the time of the hearing in question, Plaintiff was forty-five years old and had a Ninth Grade education in addition to non-degree cosmetology training and coursework in word processing and data entry. (R. 111, 242-43.) Plaintiff has past relevant work experience as a cashier, secretary, salesperson, clerical worker, file clerk, and telemarketer. (R. 107, 243-47.) Plaintiff alleges that she has been unable to engage in substantial gainful activity since September 30, 2004, when she became unable to work due to arthritis, back pain, and bilateral carpal tunnel syndrome. (R. 29.)

Plaintiff has indicated that April 1986 was the first time that back pain bothered her. (R. 106.) Records from the period of January 1998 to July 1999 reveal one emergency room visit and extensive physical therapy treatment for complaints of upper back and neck pain with severe spasms and decreased range of motion and hypomobility. (R. 142-147.) The record also shows visits to the emergency room for back pain and other complaints in March 2000 (R. 187), twice in October 2000 (R. 181-186), in April 2001 (R. 178-180), twice in November 2001 (R. 174-177), and in May 2002 (R. 171-173). In February 2003, x-rays of Plaintiff revealed anterior bony spurring consistent with osteoarthritis. (R. 194.) Plaintiff was evaluated at an orthopedic clinic in March 31, 2004. (R. 156.) Plaintiff was again treated for back and side pain in the emergency room on May 13, 2004, when it was reported that she had been in a motor vehicle accident two months prior. (R. 153.) Finally, Plaintiff reports a history of wrist and hand pain, resulting in a left wrist splint, beginning

2

January 16, 2003. (R. 168.)  Plaintiff was also evaluated in a Neurology Clinic in August 2003. (R. 156, R. 157.)

## II.    ALJ Decision

Determination of disability under the Social Security Act requires a five-step analysis.  *See* 20 C.F.R. § 404.1 *et. seq.*  First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  The claimant's residual functional capacity consists of what the claimant can do despite her impairment.  Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix.  If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment."  *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted).  Once a claimant shows that she can no longer perform her past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can

3

perform other substantial gainful employment." *Id.*

      The ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged September 30, 2004 onset of disability. (R. 29.)   Although Plaintiff reported post-onset earnings in 2004 and 2005,[1] the ALJ determined that her self-employed work during that time was not substantial gainful activity and that, therefore, she has not worked competitively since her onset date. (R. 29.)   The ALJ determined that Plaintiff has severe impairments of arthritis, back pain, and bilateral carpal tunnel syndrome, although he found that her impairments, considered either alone or in combination, fail to meet or medically equal the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1.  (R. 29, 32.)   According to the ALJ, Plaintiff's subjective complaints concerning her impairments and their impact on her ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record and Plaintiff's own statements.  (R. 30-31.)  The ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work with additional limitations of a sit/stand option and mild to moderate non-exertional pain.  (R. 33.)  Thus, he found that Plaintiff could perform her past relevant work as a clerical worker.  (R. 33.)

      The ALJ also called Dr. William A. Crunk, a vocational expert ("VE") who was present throughout the hearing and familiar with Plaintiff's background, to testify. (R. 256-61.)  Dr. Crunk testified that an individual with Plaintiff's limitations could perform jobs besides clerical worker such as security guard monitor and automatic machine tender, which exist in significant numbers in

---

[1] Since October 2001, Plaintiff has been a self-employed salesperson buying handbags and sunglasses and selling them wholesale as well as making baskets and bows. (R. 107, 245-47.)  In this job, she works four hours per day, four days per week traveling to flea markets and beauty shops to solicit orders.  (R. 107, 245.)

the regional and national economies. (R. 32, 256-61.)  Based on Dr. Crunk's testimony, the ALJ found that a significant number of jobs exist in the national economy that Plaintiff is capable of performing and that, therefore, Plaintiff was not under a disability at any time through the date of the decision. (R.32-33.)

### III.    Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration.  (Doc. # 9, at 8.)  Plaintiff argues that, for the following reasons, the ALJ's decision is not supported by substantial evidence and improper legal standards were applied: (1) the ALJ erred in rejecting her treating physician's opinion; and (2) the ALJ failed to address her mental RFC.

### IV.    Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,  *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence.  *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.     Discussion

In light of the applicable legal standards, the court rejects Plaintiff's arguments for remand and/or reversal. For the reasons outlined below, the court finds that the ALJ appropriately weighted the opinion of Plaintiff's treating physician and properly formulated her RFC.

### A.     <u>Weight Accorded to Treating Physician Opinion</u>

Plaintiff first argues that the ALJ improperly disregarded the opinion of her treating physician, Dr. Walter Mauney. (Doc. # 9, at 4-7.)[2] The weight properly afforded to a medical

---

[2] For reasons that are not entirely apparent to this court, Plaintiff's brief hones in on the ALJ's statement at the November 7, 2005 hearing that records and imaging studies conducted by Dr. Mauney were a "necessity" to complete the record and must be submitted before a decision could be made. (Doc. # 9, at 4)(citing R. 241).) It is undisputed that the record was left open for thirty days post-hearing to allow supplementation (R. 262), and indeed updated reports from Dr. Mauney as well as a MRI from Greystone Imaging indeed were received by the ALJ after the hearing and included in the record. (R. 213-15, 218.) Nor is there any question that a review of the ALJ's decision shows that she considered those records in making her determination. (R. 30-31.) To the extent that Plaintiff seeks to suggest that the record was not fully developed because the Commissioner failed to obtain those records prior to the hearing, the court rejects that assertion. It is clear that the record was supplemented with the records prior to the ALJ decision, and thus no error occurred.

opinion regarding the nature and severity of a claimant's impairments depends upon a number of factors, including the source's examining and treating relationship with the claimant, the evidence presented to support the opinion, the consistency of the opinion with the record as a whole, and the speciality of the medical source. *See* 20 C.F.R. § 416.927(d). The opinion of a physician, even a treating physician, may properly be discounted for good cause. *Crawford v. Commissioner*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). Indeed, although a treating physician's opinion is typically given "substantial or considerable weight," that opinion may deserve less weight under the following circumstances: "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003)(affirming the ALJ's decision to give little weight to a treating physician's opinion due to several specific contradictions between the physician's opinion and other evidence of record). If the ALJ has failed to articulate "good cause" for assigning less weight to a treating physicians's opinion, reversible error has occurred. *Lewis*, 125 F.3d at 1440.

It is clear from her opinion that the ALJ considered but did not accord significant weight to Dr. Mauney's January 6, 2006 physical capacity evaluation. Dr.Mauney opined that Plaintiff can sit and stand each for only one hour per day and can only lift ten pounds frequently and twenty pounds occasionally. (R. 213.) The ALJ found that "although [Dr. Mauney] filled out the form in this manner, . . . his opinion was not supported by the evidence of record and was inconsistent with the claimant's testimony that she worked four hours a day and could lift fifty pounds occasionally and twenty-five pounds frequently." (R. 30.) Additionally, the opinions expressed by Dr. Mauney were not consistent with those of consultative examiner Dr. Nicole Pappas: Dr. Mauney stated that

Plaintiff can sit and stand each for one hour per day (R. 213), while Dr. Pappas opined that Plaintiff could sit without restrictions during an eight-hour workday and could stand and walk for less than six hours during an eight-hour workday. (R. 202.)

Although Plaintiff's brief urges this court to find that the ALJ should not have discounted Dr. Mauney's opinion because any inconsistencies between Dr. Mauney's evaluation and the assessment by Dr. Nicole Pappas are only minor, she ignores the *glaring* inconsistencies between her *own testimony* at the hearing regarding her physical capacity and Dr. Mauney's evaluation of her physical capacity a mere two months later.  (Doc. # 9, at 4-5.)  As the ALJ noted, no intervening condition or event occurred in the two months between the November 2005 hearing and Dr. Mauney's January 2006 evaluation that would explain such a marked deterioration in Plaintiff's condition after she testified as to her physical capacity.  (R. 30, 213, 238.)  Thus, the court finds that the ALJ was correct in discounting Dr. Mauney's evaluation (Plaintiff can sit and stand each for one hour per day and lift ten pounds frequently and twenty pounds occasionally) by expressly noting the contradiction between that opinion and Plaintiff's own statements about her physical capacity (she worked four hours a day and could lift fifty pounds occasionally and twenty-five pounds frequently).[3]  *See Phillips*, 357 F.3d at 1240.

---

[3] Although Plaintiff also attempts to discredit Dr. Pappas' opinion because she believes that Dr. Pappas "did not have" her March 20, 2004 MRI to review when assessing her capacity (Doc. # 9, at 6), whether the MRI was available to Dr. Pappas it not entirely clear.   Her March 2004 MRI certainly was available by the time of Dr. Pappas' January 8, 2005 evaluation nine months later. (R. 199-202, 218.)  In any event, the MRI did not indicate any functional limitations, but merely demonstrated "degenerative change [and] [a]reas of foraminal narrowing primarily at C6-7 and C7-T1 bilaterally" but no cord abnormality or fracture in the vertebral bodies. (R. 218.)  In other words, the MRI neither decreases the weight of Dr. Pappas' opinion nor buttresses Dr. Mauney's opinion.  Moreover, even if the MRI results were probative, they cannot save Dr. Mauney's opinion in light of Plaintiff's own inconsistent testimony about her physical capacity.

8

B.       **Consideration of Mental RFC**

Plaintiff next argues that the ALJ failed to consider her depression in his assessment and should have included her diminished mental ability in his RFC finding.  (Doc. # 9, at 7.)  In support of her argument, Plaintiff cites 20 C.F.R. § 416.945(c), which provides:  "When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 416.945(c).  Of course, Plaintiff is correct that an ALJ has a duty to consider mental *limitations and restrictions* in his evaluation of residual functional capacity. But that legal principle does not apply here.  Plaintiff may have indicated that she takes medication for depression, but the record is devoid of *any evidence* indicating that her depression results in functional limitations that would impact her work. Thus, there simply was no evidence before the ALJ of a diminished mental capacity or any mental limitations or restrictions to take into consideration when considering her capacity for work.

The law is clear that while the ALJ has the duty to "investigate the facts and develop the arguments both for and against granting benefits" *Sims v. Apfel*, 530 U.S. 103, 111 (2000),[4] the *claimant* has the responsibility to produce evidence in support of her disability claim, *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  Evidence regarding the specific limitations and restrictions Plaintiff experiences in her ability to work is evidence Plaintiff is responsible for producing. *See Ellison,* 355 F.3d at 1276.  Accordingly, it is Plaintiff, and not the ALJ, who carries

_____

[4] While the ALJ has an investigative duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981), "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Graham v. Apfel*, 129 F.3d 1420,1423 (11th Cir. 1997).

the burden to provide a medical record that is complete. *See* 20 C.F.R. §§ 416.913(e), 416.916. Without evidence of any mental limitations or restrictions resulting from Plaintiff's depression, the ALJ was not required to include Plaintiff's mental condition in her RFC finding.

The same is true of Plaintiff's argument that depression should have been included in the ALJ's hypothetical question to the VE.  (Doc. # 9, at 7.)  The Eleventh Circuit has made clear that when considering a nonexertional limitation like depression (*see* 20 C.F.R. § 416.969a(c)(1)(I)), an ALJ need only determine whether such a nonexertional impairment is severe enough to preclude a wide range of employment at the given work capacity level. *See Phillips v. Barnhart*, 357 F.3d 1232, 1243 (11th Cir. 2004).  Thus, VE testimony is only necessary when a nonexertional limitation actual limits basic work activities.  *See, e.g., Foote v. Chater*, 67 F.3d 1553, 59-60, 62-63 (11th Cir. 1995). Because the record contained no evidence that Plaintiff's depression affected her basic work activities, the ALJ was not obligated to include reference to that impairment in her hypothetical question to the VE.  Accordingly, the court finds no error in the ALJ's assessment of Plaintiff's RFC, including the hypotheticals posed to the VE at the hearing.

## VI.    Conclusion

For the reasons stated above, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination.  The Commissioner's final decision is due to be affirmed, and a separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this  24th  day of March, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE